UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

TRUSTEES OF THE PAINTERS UNION
DEPOSIT FUND,

                    Plaintiff(s),                    CASE NO.: 05-CV-70110-DT

vs.                                    HON. VICTORIA A. ROBERTS
                                    MAG. JUDGE WALLACE CAPEL

INTERIOR/EXTERIOR SPECIALISTS CO., et.al.,
                    Defendant(s),
and

INTERIOR/EXTERIOR SPECIALISTS CO., et. al.,
                    Counter-Claimants and Third-Party Plaintiffs,

vs.

TRUSTEES OF THE PAINTERS UNION DEPOSIT FUND
                    Counter-Defendants,

and

PAINTERS DISTRICT COUNCIL NO. 22 OF THE
INTERNATIONAL BROTHERHOOD OF PAINTERS
AND ALLIED TRADES (AFL-CIO),
                    Third-Party Defendants.

                                         /

## ORDER GRANTING MOTIONS
## TO QUASH SUBPOENAS


       This matter came before the Court for hearing on the Plaintiff's Motion To Quash

Subpoenas, filed on August 31, 2005, [D/E # 31], and The Third-Party Defendant, Painters District

Council No. 22 of the International Brotherhood of Painters and Allied Trades (AFL-CIO) Motion

to Quash Subpoenas, filed on September 7, 2005, [D/E #34].  The subpoenaed companies, Madias

Brothers, Inc., Madias Brothers Painting Company, Inc., and First Evergreen, Inc.,  have also filed

a  concurrence in support of the Motion to Quash.

At the hearing on October 17, 2005, the Court directed the parties to file supplemental briefs on the issue of whether the comprehensive audit that was performed on the Defendants' books was ordered by the Plaintiff, The Trustees of the Painters Union Deposit Fund, or by the Third-Party Defendant Union.  During the course of the hearing, the Court indicated that if it is found that the audit was done by the Trustees, then it would quash the subpoenas, since this was an act which is covered by the collective bargaining agreement.  On the other hand should it be found that the audit was ordered by the Union, then the subpoenas would not be quashed since they may have some relevance to the claim of discrimination by the Defendants.

As expounded upon by the Plaintiff in this action, a meeting of the Trustees was held on December 14, 2004, in which it was decided that an audit of the Defendants' books and records was to be conducted as had previously been ordered in September, 2003.  The Minutes of the meeting further indicates that this is being done in accordance with Article XVIII, Section 2 of the Collective Bargaining Agreement.   Further, the Collective Bargaining Agreement at Article XVIII, Section 2, entered into between the parties, states that "Each Employer, signatory to this Agreement, hereby authorizes and empowers any accountant selected by the Trustees of any said Funds to make regular audits of the Employer's payroll records to ascertain whether the Employer has complied with the requirements of the Agreement."  It therefore appears that the Trustees rather than the Union was the authorized party to conduct the audit in this matter.  The issue also of whether the Trustees are Union "representatives" when they exercise their decision making authority or whether they are fiduciaries owing their loyalty to the beneficiaries in the administration of the Trust seems clear in this matter.  The Supreme Court has found that Trustees once selected become a fiduciary and their

loyalty is directed to that of the beneficiaries when exercising their duties. *See* <u>NLRB v AJAX</u> <u>Coal</u>, 453 US 322, 69 L. Ed. 3d 672, 101 S. Ct 2789 (1981).

Therefore as to the issues in the instant motion, the Court finds that the Trustees in this matter do have standing to object to the subpoenas by the Defendant. Further, the Court finds that the subpoenas are not relevant to the issues in the Plaintiff's complaint for recovery of fringe benefit payments from the Defendant.

Accordingly, the Plaintiff's Motion to Quash Subpoenas and the Third-Party Defendant's Motion to Quash Subpoenas is hereby **GRANTED.**

**IT IS SO ORDERED.**

The parties are hereby informed that any objections to this order must be filed with the district court within ten days after service, pursuant to Rule 72(a), Federal Rules of Civil Procedure.

DATED: <u>November 14, 2005</u>        <u>s/ Wallace Capel, Jr.</u>
                                        **WALLACE CAPEL, JR**
                                        **United States Magistrate Judge**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on <u>**November 14, 2005**</u> **,** I electronically filed the foregoing paper with the Clerk of the Court using the E.C. F. system which will send notification of such filing to the following: <u>Stephen D. Kursman, Esq., Steven A. Wright, Esq.</u>, and I hereby certify that I have hand delivered/ mailed by United States Postal Service the paper to the following non-EC. participants: <u>J. Douglas Korney, Esq., Bradley T. Raymond, Esq., 32300 Northwestern Hwy., Ste.</u> <u>200, Farmington Hills, MI 48334-1567</u>

                                        <u>s/ James P. Peltier</u>
                                        James P. Peltier
                                        Courtroom Deputy Clerk
                                        U.S. District Court
                                        600 Church St.
                                        Flint, MI 48502
                                        810-341-7850