UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE PAINTERS
UNION DEPOSIT FUND
                    Plaintiff(s),              CASE NO.: 05-CV-70110-DT

vs.                                            HON. VICTORIA A. ROBERTS
                                               MAG. JUDGE WALLACE CAPEL

INTERIOR/EXTERIOR SPECIALIST, CO., et. al.,
                    Defendant(s),

and

INTERIOR/EXTERIOR SPECIALIST, CO., et. al.,
                    Counter-Claimants and Third-Party Plaintiffs,

vs.

TRUSTEES OF THE PAINTERS UNION DEPOSIT FUND,
                    Counter-Defendants,

and

PAINTERS DISTRICT COUNSEL NO.22,
OF THE INTERNATIONAL BROTHERHOOD
OF PAINTERS AND ALLIED TRADES,
                    Third-Party Defendant.
                                                           /

## ORDER DENYING DEFENDANTS/COUNTER-CLAIMANTS' MOTION FOR RECONSIDERATION

This matter is before the Court on the Defendant/Counter-Claimants' "Motion To Reconsider

Magistrate's Order Granting Motions To Quash Subpoenas," filed on November 21, 2005.

Having reviewed and considered the  motion to reconsider, the Court is inclined to deny the

request for reconsideration of the Order entered on November 14, 2005.

A motion for reconsideration will not be granted if the motion "merely present[s] the same

issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not

only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3).  In the instant matter before the Court, the Defendant  has not demonstrated any palpable defect by which the Court and the parties were misled, nor has he raised any new issues which would convince the Court to reverse its Order.

Having reviewed and considered the relief requested by the Defendant/Counter-Claimants, the Court finds that the motion is a re-argument of the issues previously heard.  The  supplemental briefs that were submitted clearly explained how the audit process was determined, as well as to the issue of whether the Trustees have standing to object to the subpoenas.  Having reviewed those briefs, the Court found that the Trustees, although notified through the Union, have the authority to direct that an audit take place.

Accordingly, the motion for reconsideration of the November 14, 2005 Order is hereby **DENIED.**

**IT IS SO ORDERED.**

The parties are hereby informed that any objection to this order must be filed with the district court within 10 days after service thereof, pursuant to Rule 72(a), Federal Rules of Civil Procedure.


**DATED:   November 23, 2005**          **s/ Wallace Capel, Jr.**
                                        **WALLACE CAPEL, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**

## **CERTIFICATION OF SERVICE**

I hereby certify that on November 23, 2005 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Stephen D. Kursman, Steven A. Wright , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: J. Douglas Korney, 32300 Northwestern Hwy., Ste. 200, Farmington Hills, MI 48334-1567, Bradley T. Raymond, 32000 Northwestern Hwy., Ste. 200, Farmington Hills, MI 48334 .

<div style="margin-left: 45%;">

s/ James P. Peltier
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850

</div>