UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE PAINTERS
UNION DEPOSIT FUND, a voluntary
unincorporated trust,

        Plaintiff(s),        CASE NUMBER: 05-70110
                                    HONORABLE VICTORIA A. ROBERTS

v.

INTERIOR/EXTERIOR SPECIALIST, CO.,
a Michigan corporation, THE LLAMAS GROUP,
CORP., a Michigan corporation and RITO JULIAN
LLAMAS, individually, jointly and severally,

        Defendant(s).

INTERIOR/EXTERIOR SPECIALIST, CO.,
a Michigan corporation, THE LLAMAS GROUP,
CORP., a Michigan corporation and RITO JULIAN
LLAMAS, individually, jointly and severally,

        Counter-Claimants and
        Third-Party Plaintiffs,

v.

TRUSTEES OF THE PAINTERS
UNION DEPOSIT FUND, a voluntary
unincorporated trust,

        Counter-Defendants,

and

PAINTERS DISTRICT COUNCIL NO. 22 OF
THE INTERNATIONAL BROTHERHOOD OF
PAINTERS AND ALLIED TRADES (AFL-CIO)

        Third-Party Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

Non-parties Madias Brothers, Inc., Madias Brothers Painting Co., Inc., First Evergreen, Inc., Duross Maintenance Corporation, R. Duross Financial Corporation and Duross Painting Company filed a Motion for Reconsideration of the Court's Order Regarding Defendants' Objections to Magistrate Judge's Orders Granting Motions to Quash Subpoenas, entered on January 11, 2006.  Plaintiff Trustees of the Painters Union Deposit Fund joins the motion.[1]  For the reasons stated below, the motion is **DENIED**.

Eastern District of Michigan Local Rule 7.1 (g) (3) provides for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case.  The Movants assert three claims of error by the Court, all of which lack merit.

First, the Movants assert that the Court erred in finding that Defendant Interior/Exterior Specialist, Co. ("IES") filed a disparate treatment counterclaim against the Plaintiff Trustees, when in fact the disparate treatment claim was only filed against Third-Party Defendant Painters District Council No. 22 of the International Brotherhood of Painters and Allied Trades ("the Union").  Because of this supposed error, the Movants contend that the Court "incorrectly bundle[d] the Union and Trustees together as one, and permits a discrimination claim against the Union to be considered as a discrimination claim against the Trustees as well."  Movants br. at p. 4.  As a consequence, the Movants argue that the Court failed to appropriately recognize that

---

[1]The moving parties will collectively be referred to as "the Movants."

the boundary of what is relevant for discovery purposes should be limited to whether the Union acted in a disparate manner towards Defendants.

The Movants' assertion has no factual basis. Contrary to their claims, the Court did not find that IES brought the disparate treatment claim against the Trustees as well as the Union. Indeed, the Court explicitly stated that the claim was only brought against the Union: "Among other things, Defendant IES alleges that the Union unlawfully discriminated against it in violation of 42 U.S.C. §1981." Order at p. 2.

The Movants' second claim of error is essentially that the Court's Order ignored *NLRB v Amax Coal Co.*, 453 U.S. 322 (1981), by incorrectly presuming that the Trustees' decision regarding the audit at issue was influenced by the Union such that the Trustees may have been acting on behalf of the Union rather than the fund beneficiaries. Per the Movants, *Amax* made it clear that trustees are fiduciaries who owe undivided loyalty to fund beneficiaries when carrying out their duties and, therefore, they act independent of any possible interest a union may have. Therefore, the Movants contend that the Court failed to appropriately narrow the scope of the subpoenas to the Union, rather than the Trustees', treatment of contractors.

This claim of error fails because the Movants merely reassert an argument that the Court already considered and rejected on appeal. The Movants have not identified any palpable defect that may have misled the Court when it first considered the argument.

Lastly, the Movants assert that "[t]he Court's order incorrectly finds that Defendants' document requests are mostly very specific and limited to a brief time frame, permitting and condoning as relevant subpoenas directed to the objecting

parties[,] which are impermissibly overbroad both in scope and time." This argument is essentially a reformulation of the Movants prior assertion, via the Union and the Trustees, that the information requested in the subpoenas will be burdensome to produce. The Court rejected this claim because the only arguments made in support of this assertion on appeal (and in the initial Motions to Quash) were conclusory statements. No attempt was made to specifically identify the manner in which the subpoenas were "unreasonable or oppressive." *Pollitt v Mobay Chemical Corp.,* 95 F.R.D. 101, 106 (S.D. Ohio 1982). The Court will not entertain the Movants' belated attempt to do so now. There is no apparent reason that the claims Movants make now could not have been made in the first instance. The Movants failure to do so is not a palpable defect by which this Court was misled.

The Movants' Motion for Reconsideration of the Court's Order Regarding Defendants' Objections to Magistrate Judge's Orders Granting Motions to Quash Subpoenas, entered on January 11, 2006 is **DENIED**. The deponents are directed to respond to the subpoenas within fourteen days of entry of the stipulated protective Order the parties were previously directed to submit.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 6, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 6, 2006.

s/Carol A. Pinegar
Deputy Clerk