UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE PAINTERS UNION
DEPOSIT FUND, a voluntary unincorporated trust,

       Plaintiffs,

vs.                                                                 Case No: 05-70110
                                                                    Honorable Victoria A. Roberts

INTERIOR/EXTERIOR SPECIALIST, CO.,
a Michigan corporation, THE LLAMAS GROUP,
CORP., a Michigan corporation, and
RITO JULIAN LLAMAS, individually,
jointly and severally,

       Defendants.

**<u>AND</u>**

INTERIOR/EXTERIOR SPECIALIST, CO.,
a Michigan corporation, THE LLAMAS GROUP,
CORP., a Michigan corporation, and
RITO JULIAN LLAMAS, individually,
jointly and severally,

       Counter-Claimants and
       Third-Party Plaintiffs,

vs.

TRUSTEES OF THE PAINTERS UNION
DEPOSIT FUND, a voluntary unincorporated trust,

       Counter-Defendants,

and

PAINTERS DISTRICT COUNCIL NO. 22
OF THE INTERNATIONAL BROTHERHOOD
OF PAINTERS AND ALLIED TRADES (AFL-CIO)

       Third-Party Defendant.
_____/

1

**ORDER GRANTING DEFENDANTS' EMERGENCY MOTION TO STRIKE
PLAINTIFFS' EXPERT REPORT AND LIMIT TESTIMONY OF ROBERT SCHEUER**

## I. INTRODUCTION

This matter is before the Court on Defendants' Emergency Motion to Strike Plaintiffs' Expert Report and Limit Testimony of Robert Scheuer.

## II. BACKGROUND

The dispositive issues raised in Defendants' motion are whether: (1) Plaintiffs' submission of its expert report constitutes a change in opinion in violation of the Court's Scheduling Order; (2) the report is untimely under FED. R. CIV. P. 26 or otherwise violates its provisions; and (3) the untimeliness of the report or other violation of Rule 26 had a substantial justification or was harmless.

Plaintiffs maintain the modifications to the report arise from their expert's review of ledger documents acquired by them after the Court's designated discovery cut-off date of July 29, 2005, later extended to December 15, 2005.

Defendants state the documents were available to the Plaintiffs before their expert's December 6, 2005 deposition. In any case, the Court need not decide the exact date the pertinent documents were made available to Plaintiffs, inasmuch as it is clear Plaintiffs had them by April 2006, and the Plaintiffs did not submit their expert report until October 10, 2007. Trial is set for December 10, 2007.

A) <u>Court's Order Instructing No Change on Opinion</u>

The Court's Scheduling Order presumes that a written expert report would be filed by the deadline in the scheduling order, and this is the date after which opinions

may not change, unless the parties agree otherwise. The parties entered a Stipulated Order regarding experts. This Order changed deadlines for expert depositions but fails to address written reports. Accordingly, the Court will rely on the provisions of FED. R. CIV. P. 26(a)(2)(C) to resolve this issue.

B) Timeliness of Expert Report

Rule 26(a)(2)(C) governs the timing of expert disclosures:

> These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

*Porter v. Hamilton Beach/Proctor-Silex, Inc.*, No. 01-2970, 2003 U.S. Dist. LEXIS 14089, at *11 (W.D. Tenn. July 28, 2003) (quoting FED. R. CIV. P. 26(a)(2)(C)).

Plaintiffs acquired the additional discovery information in February of 2006 and received a revised version in April of 2006. *See* Plaintiffs' Response at 4. Plaintiffs did not submit their expert report until October 10, 2007, approximately 17 months later. Plaintiffs submitted their expert report 60 days before trial. In doing so, Plaintiffs violated the 90 day deadline provision of Rule 26(a)(2)(C).

Plaintiffs argue this violation is harmless and/or substantially justified under FED. R. CIV. P. 37. Relying on a California District Court case never cited within the Sixth Circuit, Plaintiff argues "[e]xclusion of expert report or testimony is appropriate only when the failure to provide an adequate expert report is in violation of an order compelling discovery." *Intercargo Ins. Co. v. Burlington N. Santa Fe R.R.*, 185 F. Supp.

2d 1103, 1107 (C.D. Cal. 2001). There is no support for this proposition in the Sixth Circuit. Plaintiffs also argue their omission was harmless because Defendants had knowledge of their expert's views because of the scope of questioning during the expert's deposition. Plaintiffs' do not cite any Sixth Circuit case law in support of this additional argument.

Rule "37(c)(1) requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, No. 98-5488, 1999 U.S. App. LEXIS 14943, at *3 (6th Cir. June 25,1999) (unpublished) (footnote omitted)). The burden is on the potentially sanctioned party to prove harmlessness. *Borg v. Chase Manhattan Bank USA, N.A.*, No. 06-0671, 2007 U.S. App. LEXIS 17422, at *23-24 (6th Cir. July 19, 2007) (unpublished) (citing *Roberts v. Galen*, 325 F.3d at 782); *Warren v. City of Detroit*, No. 02-74288, 2006 U.S. Dist. LEXIS 8653, at *5 (E.D. Mich. Feb. 13, 2006) (citing *Vance*, 1999 U.S. App. LEXIS at *18-19 (6th Cir. June 25, 1999)) ("Vance indicated that it is the responsibility of the party that has failed to adhere to a scheduling order to supply 'compelling evidence' of either justification or harmless failure.").

Plaintiffs present no argument to justify their delay in filing an expert report. They had at least 17 months to review the relevant material and submit the report. The Court finds the untimeliness of this report is not "substantially justified." Thus, Plaintiffs must demonstrate the late submission is "harmless." "[The Advisory Committee Notes] strongly [suggest] that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Vance*, 1999 U.S. App.

4

LEXIS at *16-17 (6th Cir. June 25,1999); *see also Borg*, 2007 U.S. App. LEXIS at *24 (6th Cir. July 19, 2007). Although Plaintiffs argue Defendants had sufficient knowledge, they fail to address the honest mistake component of the analysis.

Generally, the Sixth Circuit has . . . upheld [preclusion or limitation of disclosures] where parties were found to have missed the disclosure deadline merely because they failed to ask for a needed extension. *Vaughn*, 2001 U.S. App. LEXIS at *29 (6th Cir. Aug. 16, 2001) (unpublished)*; Bowe v. Consol. Rail Corp.*, No. 99-4091, 2000 U.S. App. LEXIS 24866, at *9 (6th Cir. Sept. 19, 2000) (unpublished); *Vance*, 1999 U.S. App. LEXIS at *11 (6th Cir. Aug. 16, 1999) (unpublished); *see also Rowe v. Case Equip. Corp.*, No. 95-6315, 1997 U.S. App. LEXIS 227, at *8 (6th Cir. Jan. 2, 1997) (unpublished) ("Rowe also argues that the delayed expert report was harmless to Case . . . . [H]e claims that Farrell could have been deposed in the two weeks prior to trial after the report had been filed with the court. However, Rowe's failure to disclose his expert's report until the eve of trial, leaving Case little opportunity to depose the expert and secure a rebuttal witness, was more than harmless to Case."); *Borg*, 2007 U.S. App. LEXIS at *24 (6th Cir. July 19, 2007) (unpublished) (("Plaintiffs have not explained why they failed to seek an extension of the expert disclosure deadline from the district court . . . .").

In *Caudell v. City of Loveland*, the Sixth Circuit identified excessive delay as harmful:

> [T]he district court identified an additional harm, that of excessive delay, which Caudell does not attempt to rebut . . . . Allowing the Smith affidavit, some four months after the court-ordered close of discovery, would require reopening discovery to allow the defendants to investigate the affidavit and conduct depositions, and would likely result in an additional round of dispositive motions . . . . The district court concluded that such

delay could only be warranted by substantial justification, whereas Caudell had offered no justification whatsoever.

*Caudell v. City of Loveland*, No. 06-3689, 2007 U.S. App. LEXIS 7852, at *482 (6th Cir. Mar. 28, 2007) (unpublished).

Based on the above, it is clear that Plaintiffs have not met their burden of proving Defendants' knowledge and honest mistake. At his deposition Mr. Scheuer said he had no opinion on whether IES and the Llamas Group were alter egos, and he testified he had no opinion concerning subcontracting. In his June, 2006 affidavit, he points to financial documents he reviewed which "suggested to him" that it was difficult to consider IES and The Llamas Group as separate. He also stated that his findings might be revised after further review of documents. His "revisions" did not come until October of this year.

Defendants were not placed on sufficient notice concerning the opinions of Mr. Scheuer, and the Court agrees that allowing Mr. Scheuer to state the opinions in his October report would necessitate reopening discovery, now on the eve of trial. The Court is not prepared to do that.

The Court finds Plaintiffs' unexplained submission of their written expert report 60 days before trial, after they had access to the relevant documents for 17 months, is not "harmless" or "substantially justified" under Rule 37.

### III. CONCLUSION

The Court **GRANTS** Defendant's Emergency Motion to Strike Plaintiffs' Expert Report and Limit Testimony of Robert Scheuer. Robert Scheuer's testimony will be limited to his expressions in his deposition and June 1, 2006 affidavit.

**IT IS ORDERED.**

                                         ___/s/ Victoria A. Roberts_____
                                         Victoria A. Roberts
                                         United States District Judge

Dated:  November 16, 2007


The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 16, 2007

___/s/ Linda Vertriest
Deputy Clerk