UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE PAINTERS UNION
DEPOSIT FUND, a voluntary unincorporated trust,

    Plaintiff,

vs.                                              Case No: 05-70110
                                                Honorable Victoria A. Roberts

INTERIOR/EXTERIOR SPECIALIST, CO.,
Michigan corporation, THE LLAMAS GROUP,
CORP., a Michigan corporation, and
RITO JULIAN LLAMAS, individually,
jointly and severally,

    Defendants.

AND

INTERIOR/EXTERIOR SPECIALIST, CO.,
a Michigan corporation, THE LLAMAS GROUP,
CORP., a Michigan corporation, and
RITO JULIAN LLAMAS, individually,
jointly and severally,

    Counter-Claimants and
    Third-Party Plaintiffs,

vs.

TRUSTEES OF THE PAINTERS UNION
DEPOSIT FUND, a voluntary unincorporated trust,

    Counter-Defendant,

AND

PAINTERS DISTRICT COUNCIL NO. 22
OF THE INTERNATIONAL BROTHERHOOD
OF PAINTERS AND ALLIED TRADES (AFL-CIO)

    Third-Party Defendant.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY FEES

**I.      INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion for Appellate Attorney Fees. (Doc. 277).

The Court **GRANTS** Plaintiffs' motion.

**II.     BACKGROUND**

Plaintiffs, the Trustees of the Painters Union Deposit Fund, brought a claim for unpaid fringe benefits under the Labor Management Relations Act of 1947, 29 U.S.C. § 141, *et seq.*, and the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132, 1145 ("ERISA").  The Court conducted a bench trial from December 10 to 12, 2007, and awarded judgment to the Plaintiffs in the amount of $186,781.62 in unpaid fringe benefits pursuant to 29 U.S.C. § 1145.

After trial, Plaintiffs filed a Motion for Attorney Fees and Costs, asking the Court to award attorney fees in the amount of $254,651.25, and costs in the amount of $3,430.95. (Doc. 138).  On March 19, 2009, the Court dismissed the Motion without prejudice, finding the briefing inadequate. (Doc. 206).  Subsequently, the parties reached a settlement of attorney fees, and filed a Stipulation and Order awarding Plaintiffs $100,000. (Docs. 222, 223). The Court accepted the Stipulation and entered the Order on April 15, 2009.

Defendants appealed the Court's $186,781.62 judgment against them. On April 7, 2010, the Sixth Circuit affirmed. (Doc. 274).

On May 3, 2010, Plaintiffs filed the motion now before the Court, requesting

$49,042.50 in appellate attorney fees for successfully defending their judgment on appeal.

### III. ANALYSIS

Defendants contest Plaintiffs' request for appellate attorney fees for two reasons: (1) The Stipulation prohibits Plaintiffs from seeking appellate attorney fees; and (2) Plaintiffs may not seek appellate attorney fees in this Court where the fees were not sought and awarded at the appellate level. Neither of these arguments is persuasive.

#### A. The Stipulation does not prohibit an award of appellate attorney fees.

Defendants' interpretation of the Stipulation is that Plaintiffs settled all attorney fees, including future fees, and are prohibited from pursuing appellate attorney fees. The Court finds Defendants' interpretation of the Stipulation and Order an unreasonable and inaccurate construction of the agreement, and agrees with Plaintiffs that the Stipulation settled trial level fees only.

"[A]n agreement to settle a pending lawsuit is a contract and is reviewed by the legal principles applicable to contract construction and interpretation." *MLW Assoc., Inc. v. Certified Tool & Mfr. Corp.,* 106 Fed. Appx. 307, 312 (6th Cir. 2004) (citing *Michigan Mut. Ins. Co. v. Indiana Ins. Co.,* 247 Mich. App. 480 (Mich. Ct. App. 2001)). "The cardinal rule in interpretation of contracts is to ascertain the intention of the parties." *Zurich Ins. Co. v. CCR & Co.,* 226 Mich. App. 599, 603 (Mich. Ct. App. 1997). When interpreting contractual language, terms should be given their plain and ordinary meaning. *McKay Consulting, Inc. v. St. John Health,* 2009 WL 127664 *8 (Mich. Ct. App. 2009) (citing *Wilkie v. Auto Owners Ins. Co.,* 469 Mich. 41, 47 (2003)). "A contract

is read as a whole, with meaning given to all terms, and technical, constrained constructions are avoided." *Id.* at *9 (citing *Singer v. American States Ins.,* 245 Mich. App. 370, 374 (Mich. Ct. App. 2001)).

Where a contract is unambiguous, it will be construed according to its terms. *Quality Products & Concepts Co. v. Nagel Precision, Inc.,* 469 Mich. 362, 375 (2003). "A contract is ambiguous when two provisions irreconcilably conflict with each other, or when a term is equally susceptible to more than a single meaning." *McKay Consulting, Inc.,* 2009 WL 127664 at *8 (internal citations and quotes omitted).

The Stipulation by the parties is titled, "Stipulation of the Parties Resolving Plaintiffs' Motion for Attorney Fees and Costs and Seeking Entry of Attorney Fee Order." In pertinent part, it says:

> 2. On March 28, 2008, Plaintiffs filed their Motion for Attorney Fees and Costs [Docket No. 138].
>
> 3. On March 19, 2009, the Court entered an Order [Docket No. 206] denying without prejudice Plaintiffs' Motion for Attorney Fees and Costs and setting a schedule for additional briefing on the issue.
>
> 4. The Parties have resolved the Motion for Attorney Fees and Costs, and, pursuant to that resolution, seek entry of an Order Awarding Atorney [sic] Fees and Costs, in the form attached hereto as Exhibit A.
>
> 5. The Parties further agree that the amount of costs and attorney fees ($100,000) awarded by the Exhibit A Order represents a compromise by the Parties, reached after settlement negotiations. If, and only if, Defendants prosecute their appeal to its conclusion, said conclusion being a condition precedent to any party's right to vacate the attorney fee award, and if, and only if, as a result of said appeal, Defendants receive an opinion from a federal appellate court of competent jurisdiction that does not affirm the award of $186,791.62 in damages, either Party shall have the right to vacate the award of $100,000 in costs and attorney fees, as set forth in the Exhibit A Order, without prejudice to Plaintiffs' right to renew their Motion for Attorney Fees and Costs [Docket No. 138] and to seek the full amount of attorney fees and costs requested by their Motion

for Attorney Fees and Costs and any additional costs and attorney fees incurred, and without prejudice as to Defendants' right to seek attorney fees and costs.

Defendants claim the Stipulation settled all attorney fees, both at the trial court and appellate level, and that Paragraph 5 means that no attorney fee issue can be litigated unless two condition precedents occur: (1) Defendants prosecute their appeal to its conclusion; and (2) at the conclusion of the appeal, the appellate court overturns the damages award. Defendant says that neither of these condition precedents has occurred because: (1) Defendants are not done prosecuting their appeal; they are preparing a Petition for Writ of Certiorari to the United States Supreme Court; and (2) the Sixth Circuit did not overturn the award of damages.

The Defendants are correct that the condition precedents have not occurred; therefore, no challenge to the $100,000 award can be made. However, the $100,000 award settles attorney fees at the trial level only; therefore, the condition precedents in the Stipulation do not apply. Defendants' arguments to the contrary are unpersuasive.

The plain and ordinary meaning of the Stipulation and Order, is that Plaintiffs give up their right to seek trial court level attorney fees in exchange for $100,000. The Stipulation and Order cannot be construed to mean that Plaintiffs also give up all future rights to seek other fees related to the litigation, including appellate fees not yet incurred.

Defendants point out that the Stipulation contemplated an appeal, but Plaintiffs did not expressly reserve their right to seek appellate attorney fees. However, the Court finds that Plaintiffs were not required to reserve this right; the Stipulation and Order addressed only the settlement of trial level attorney fees.

### B. This Court may award appellate attorney fees.

Defendants argue that Plaintiffs may not seek appellate attorney fees in this Court since they did not seek them on appeal. Defendants cite no authority supporting this view. Instead, Defendants merely point out that Plaintiffs cite no cases where a party was awarded fees by a district court, when the party did not seek them from the appellate court. Still, it does not follow that a district court lacks authority to award appellate attorney fees. Defendants' argument is misguided.

According to 29 U.S.C. § 1132(g)(2): "In any action under this subchapter . . . to enforce section 1145 of this title in which judgment in favor of the plan is awarded, *the court* shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant . . . ." This statute does not appear to limit the collection of attorney fees to a specific court or level of courts. The plain language of the statute is that any court of competent jurisdiction may award attorney fees.

Furthermore, the Sixth Circuit holds that a request for appellate attorney fees should be considered by the district court first. In *O'Bryan v. County of Saginaw,* 722 F.2d 313, 314 (6th Cir. 1983)*,* the Sixth Circuit reviewed a district court's decision to deny appellate attorney fees based on the erroneous belief "that attorney's fees for the prosecution of an appeal should only be awarded in the first instance by the Court of Appeals." 722 F.2d 313, 314 (6th Cir. 1983). The Court explained the error of this logic:

> The Courts of Appeals, unlike a trial court, do not have original jurisdiction to resolve issues of fact but have only appellate jurisdiction. We do not have a witness chair for hearing evidence, and we are not in a position to conduct an evidentiary hearing where proof is offered on the question of attorney's fees. An appellate court is not a trier of fact. In the federal system, the district court is normally the trier of fact in the first instance and initially hears evidence on disputed questions.

*Id*; *see also Smith v. Detroit Board of Education,* 728 F.2d 359 (6th Cir. 1984) (denying motion for appellate attorney fees because district court is appropriate forum in the first instance).

Although *O'Bryan* involved a request for appellate attorney fees under 42 U.S.C. § 1988, this reasoning applies with equal force to requests for appellate attorney fees under 29 U.S.C. § 1132(g). Indeed, the Sixth Circuit has applied this very holding to a request for appellate attorney fees in an ERISA case. *See Knickerbocker v. Ovako-Ajax, Inc.,* 187 F.3d 636 (6th Cir. 1999) (remanding request for appellate attorney fees to the district court, and citing *O'Bryan* for the proposition that a request for attorney fees should be considered first in the district court); *see also Trs. for Michigan Laborers Health Care Fund v. Eastern Concrete Paving Co.,* 948 F.2d 1290 (6th Cir. 1991) ("What constitutes a reasonable award is a factual determination to be left to the district court based on the issues."). There is no merit in Defendants' position.

### C. An award of attorney fees is mandatory.

Title 29 U.S.C. § 1132(g)(2) says: "In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant . . . ." Under this statute, "the recovery of reasonable attorneys' fees is mandatory upon the award of a favorable judgment." *Bldg Serv. Local 47 v. Grandview Raceway,* 46 F.3d 1392, 1404 (6th Cir. 1995); *see also Trs. for Michigan Laborers Health Care Fund,* 948 F.2d at 1290 ("Under the explicit language of § 1132(g)(2), the award of reasonable attorney's fees is

mandatory, not discretionary."). This mandate applies equally to the award of a favorable judgment on appeal. *Local 47,* 46 F.3d at 1404.

Since Plaintiffs won on appeal, they are entitled to attorney fees for their successful defense

### D. Plaintiffs' requested fees are reasonable.

Although attorney fees are mandated in a successful § 1145 action, the fees awarded must be "reasonable." *See* 29 U.S.C. § 1132(g)(2)(D).

"The starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods., Inc.,* 515 F.3d 531, 551 (6th Cir. 2008) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). The party requesting fees bears the burden to submit adequate documentation of the hours reasonably expended and the reasonable hourly rate of pay for attorneys who worked on the case. *Hensley,* 461 U.S. at 433. "Attorneys who seek fees have an obligation 'to maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended' on the case." *Imwalle,* 515 F.3d at 552 (quoting *Wooldridge v. Marlene Indus. Corp.,* 898 F.2d 1169, 1177 (6th Cir. 1990)). "The documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile & Composition v. G&M Roofing and Sheet Metal Co., Inc.,* 732 F.2d 495, 502 n.2 (6th Cir. 1984).

"Where the documentation of hours is inadequate, the district court may reduce

the award accordingly." *Hensley,* 461 U.S. at 433. However, "[w]here the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Imwalle,* 515 F.3d at 552.

After calculating the lodestar amount, the district court must consider other factors which "may lead the district court to adjust the fee upward or downward . . . ." *Hensley,* 461 U.S. at 434. These factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Id.* at 430, n.3.

Plaintiffs report spending 251.5 hours on the appeal, at an hourly rate of $195 per attorney. Plaintiffs submit seventeen pages of itemized, contemporaneous billing records, specifying the date the time was billed, the attorney who billed the time, and the task completed. Plaintiffs' attorneys swore to the accuracy of the billing records, and assert that these hours were necessary to defend the appeal.

The attorneys who worked on the appeal were Richard M. Selik, Stephen D. Kursman, and David E. Sims of Finkel Whitefield Selik. The Plaintiffs submit a Martindale-Hubbell Law Directory listing for the firm, detailing the qualifications of each attorney. The Plaintiffs also submit the State Bar of Michigan 2007 Economics of Law

Practice in Michigan report, showing the hourly rates for attorneys in the area, as well as a chart detailing the fees awarded in ERISA cases from 1977 to 2004.

Based on this information, the Plaintiffs' lodestar amount is $49,042.50 (251.5 hours multiplied by $195 per hour). Defendant does not dispute either the reasonableness of the hourly rates or the total hours worked.

Upon an independent review of the submissions, the Court finds the hourly rates and hours expended reasonable. Additionally, the Court finds no basis for an upward or downward adjustment of the lodestar amount. Based on the information submitted in support of this fee request, the Court is satisfied that Plaintiffs carried their burden, and awards them $49,042.50.

IV. CONCLUSION

Plaintiffs' Motion for Appellate Attorney Fees is **GRANTED.**

**IT IS ORDERED.**

                                                s/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: January 21, 2011

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 21, 2011.
>
> s/Linda Vertriest
> Deputy Clerk

| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 21, 2011. |
|---|
| s/Linda Vertriest<br>Deputy Clerk |